(*Superior Court of Cook County.*)

## Max Stern

vs.

## George Eager, et al.

(December Term, 1877.)

PRACTICE—APPLICATION TO WITHDRAW DEMURRER AND PLEAD OVER IN AN ACTION ON AN APPEAL BOND WHERE NO DEFENSE IS SHOWN. Leave will not be granted to withdraw a demurrer and plead over, unless there is an actual defense shown by affidavit setting up the extrinsic facts relied upon.

Demurrer to plaintiff's declaration.   Gen. No. 69,142.
*Philip Stein,* attorney for plaintiff.
*Ricaby & Landis,* attorneys for defendant, Curtis.

Mr. LANDIS: Your honor, this is a demurrer to the plaintiff's declaration.   I ask leave to withdraw the demurrer and file a plea.

GARY, J.: I would not permit any pleading over unless there was an actual defense shown.

Mr. LANDIS: This was an action on an appeal bond, on an appeal to the appellate court.

GARY, J.: Then you have got your objection on the record. If the bond is an invalid one, then you have your objection on the face of the record.   If the question is one of law on the face of the bond, you don't need to plead over.   If the question is one of fact, why then, unless he (plaintiff's counsel) consents, you can show by affidavit what the extrinsic facts are  before I can give leave to amend in a case of this sort.   You will have to set up what the circumstances are in order to get leave to amend.   The plea and the affidavit must be presented first.

Mr. LANDIS: I think this is a case where we ought to be allowed to plead over.

GARY, J.: I believe the declaration recites that the appellate court made a rule that you should file an additional and further appeal bond, which you did not do.   Under the 70th preme court shall be dismissed by reason of any informality

section of the practice act, "Hereafter no appeal to the su- or insufficiency of the appeal bond, if the party taking such appeal shall, within a reasonable time, to be fixed by the court, file a good and sufficient appeal bond in such cause, to be approved by said court." Now the declaration avers that the case was taken to the appellate court, and that you did not file any *new* bond. Now whether the bond which procured the stay of execution from the time that the bond was filed by the circuit court until the appeal was dismissed in the appellate court is a binding obligation which may be collected from the defendants is a question of law which appears upon the record. You don't need to appeal. If it is bad, then upon the demurrer the judgments should be a bar to the defendants. So there is nothing to plead.

Mr. LANDIS: We want to show wherein it is bad.

GARY, J.: Whether it is good or bad appears on its face. If you have any case showing that the neglect to put in that bond to the first district—that is the apparent defect, that it don't recite an appeal to the first district,—it simply recites an appeal to the appellate court,—then I will hear you. If not, then let the demurrer be overruled and judgment go for the plaintiff. Leave to plead denied. Motion denied.